HENRY S. STONE, *pro ami vs.* JOSEPH E. C. FARNHAM.

PROVIDENCE—OCTOBER 12, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Masters in Chancery. Trusts. Guardian and Ward.*

In a bill for an accounting against a trustee, payments made by him to an attorney employed by the *cestui* to defend the latter in proceedings instituted for the purpose of placing the *cestui* under guardianship, and incidentally to defend the deed conveying a portion of the trust estate to the trustee, and made at the general request of the *cestui*, are properly credited to the trustee as expended for the benefit of the *cestui* when the amount is reasonable and proper.

(2) *Compensation of Trustee.*

Where one denies the existence of a trust and claims the fund as his own, he precludes himself from claiming compensation as trustee, although he may keep the fund safely.

BILL IN EQUITY seeking to establish a trust of a certain fund standing in the name of the respondent, and praying for an accounting. The court by rescript, equity number 4,649, filed May 9, 1900, found the trust established and ordered an accounting. The cause came before the court upon exceptions filed by the complainant to the report of the master, on the grounds (1) that certain sums were erroneously credited to the respondent, and (2) that compensation was allowed the respondent as trustee. In the original hearing upon the bill and answer the respondent claimed the fund as a gift to himself and denied the trust. The further facts sufficiently appear from the opinion. Heard on exceptions, and a portion of the exceptions sustained.

(1) PER CURIAM. The court is of opinion that the first and

second exceptions to the master's report should be overruled. The two payments, amounting to $150, were made to the attorney employed by Stone to defend him in proceedings in guardianship in Minnesota, and also, incidentally, to defend the deed which he had made to this respondent. Stone was entitled to have counsel in these matters, and the money so paid was for his benefit and according to his general request, although he did not specify the amount. There is nothing to show that the amount was unreasonable or improper.

(2)    The third and fourth exceptions to the allowances of compensation are sustained. Where one denies a trust he renders no service in the capacity of a trustee. Even though he may keep a fund safely, if he claims it as his own he precludes himself from also claiming compensation as a trustee, for he thereby denies his relation as a trustee. Moreover, the claim of ownership has caused litigation to establish the title to the fund. One cannot take the chances of claiming the fund as his own, or, failing in that, to have compensation for his services.

*William H. Greene*, for complainant.                      ·

*Edwards & Angell, and John Henshaw*, for respective respondents.